UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELSTON CRAIG PERRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 21-CV-0511-CVE-CDL |
| | ) |
| SCOTT CROW, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Elston Perry, a state inmate appearing pro se,[1] commenced this action on November 23, 2021,[2] by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. ## 1, 10)[3] and supporting exhibits (Dkt. # 2). Respondent Scott Crow moves to dismiss the petition, asserting that relief is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Having considered the petition and supporting exhibits, Crow's motion (Dkt. # 8) and supporting brief (Dkt. # 9), Perry's response (Dkt. # 11) in opposition to the motion to dismiss, and the record of state court proceedings, the Court agrees with Crow that the petition is barred by the statute of limitations. The Court therefore grants Crow's motion and dismisses the petition.

---

[1] Because Perry appears without counsel, the Court liberally construes his filings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The Clerk of Court received the petition on November 29, 2021. Dkt. #1, at 1. But Perry declares, under penalty of perjury, that he placed the petition in the prison's legal mailing system on November 23, 2021. Dkt. # 1, at 5. The Court thus deems the petition filed on November 23, 2021. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

[3] Perry submitted a correction (Dkt. # 10) on January 20, 2022, to provide the Court with pages he inadvertently omitted from the petition. The Court considers the correction as part of the petition.

I.      **Background**

Perry seeks federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2010-3807. Dkt. # 1, at 1.[4] That case was tried to a jury in September 2010, and the jury found Perry guilty of assault and battery with a deadly weapon, in violation of OKLA. STAT. tit. 21, § 652(C). Dkt. # 9-2, at 2. The trial court adopted the jury's sentencing recommendation and imposed a 26-year prison sentence. Dkt. # 9-2, at 2. Perry filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), claiming (1) that the trial court erroneously instructed the jury on self-defense and (2) that trial counsel provided ineffective assistance. Dkt. # 9-2, at 2. In an unpublished opinion filed January 15, 2014, in Case No. F-2012-954, the OCCA rejected both claims and affirmed Perry's judgment and sentence. Dkt. # 1, at 1; Dkt. # 9-2, at 2-4. Perry did not file a petition for writ of certiorari in the United States Supreme Court. Dkt. # 1, at 2.

On September 1, 2014, Perry filed an application for postconviction relief, claiming (1) that he was deprived of his right to present a complete defense, (2) that appellate counsel provided ineffective assistance, (3) that prosecutorial misconduct deprived him of a fair trial, and (4) that he was actually innocent because the prosecutor failed to present sufficient evidence to support his conviction. Dkt. # 1, at 2; Dkt. # 9-3, at 3-6, 11-29. The state district court denied the application in an order signed on March 13, 2015, and filed on March 23, 2015. Dkt. # 1, at 2; Dkt. # 9-6, at 1, 5. Perry filed a postconviction appeal and, in an unpublished order filed July 6, 2015, in Case No. PC-2015-376, the OCCA affirmed the denial of Perry's application for postconviction relief. Dkt. # 9-7, at 2-4.

---

[4]     For consistency, the Court's citations refer to the CM/ECF header pagination.

On July 9, 2020, nearly five years after the OCCA issued its decision on Perry's first application for postconviction relief, the Supreme Court issued its decision in McGirt v. Oklahoma, 140 S. Ct. 2452 (2020). Applying established federal law, the McGirt Court determined that because Congress never disestablished the Muscogee (Creek) Nation Reservation, the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a). McGirt, 140 S. Ct. at 2462-68, 2474. The McGirt Court further held that, as a result, certain crimes committed by or against Native Americans within the boundaries of the Muscogee (Creek) Nation Reservation must be prosecuted in federal court, under 18 U.S.C. §§ 1152 and 1153, rather than in state court. McGirt, 140 S. Ct. at 2479. In rejecting several arguments related to the impact of its ruling, the McGirt Court emphasized that its ruling was limited, stating, "Each tribe's treaties must be considered on their own terms, and the only question before us concerns the Creek." McGirt, 140 S. Ct. at 2479. The McGirt Court also noted that, in the case before it, the State of Oklahoma ("the state") "put aside whatever procedural defenses it might have," and further noted that "[o]ther defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on postconviction review in criminal proceedings." McGirt, 140 S. Ct. at 2460, 2479.

Nearly one year after the McGirt decision, on April 9, 2021, Perry filed a second application for postconviction relief in state district court, asserting that the Tulsa County District Court "lacked jurisdiction to hear [Perry's] case and issues as to jurisdiction may be raised at any time." Dkt. # 1, at 2; Dkt. # 9-8, at 1-2. To support this claim, Perry cited pre-McGirt decisions involving challenges to the state's exercise of jurisdiction in Indian country, the McGirt decision itself, and the OCCA's

post-McGirt decision recognizing the continued existence of the Cherokee Nation Reservation.[5] Dkt. # 9-8, at 2-3. Perry also cited state court decisions holding that "issues of subject matter jurisdiction are never waived and can be raised at any time." Dkt. # 9-8, at 3-5. On June 2, 2021, the state and Perry filed a joint stipulation indicating that if witnesses were called to testify at an evidentiary hearing, their testimony would establish (1) that Perry's victim is, and was at the time of the offense, a registered citizen of the Muscogee (Creek) Nation, (2) that Perry's victim possesses some "Creek blood," (3) that the Muscogee (Creek) Nation is a federally recognized tribe, and (4) that Perry committed his crime of conviction within the boundaries of the Cherokee Nation Reservation. Dkt. # 9-9, at 1-2.

On August 12, 2021, while Perry's second application for postconviction relief was pending in state district court, the OCCA reaffirmed several of its post-McGirt decisions recognizing the existence of the Cherokee, Choctaw, Chickasaw and Seminole Reservations, but held "that McGirt and [the OCCA's] post-McGirt decisions recognizing these reservations shall not apply retroactively to void a conviction that was final when McGirt was decided." State ex rel. Matloff v. Wallace, 497 P.3d 686, 689 (Okla. Crim. App. 2021), cert. denied sub nom. Parish v. Oklahoma, 142 S. Ct. 757 (Jan. 10, 2022).

In an order filed October 5, 2021, the state district court adopted the parties' evidentiary stipulations as findings of fact, but denied Perry's application for postconviction relief based on the OCCA's holding in Wallace. Dkt. # 9-14, at 1-7. Perry filed a postconviction appeal, and, in an

---

[5] On March 11, 2021, the OCCA held that Congress did not disestablish the Cherokee Nation Reservation. Hogner v. State, 500 P.3d 629, 635 (Okla. Crim. App. 2021).

4

unpublished order filed November 17, 2021, in Case No. PC-2021-1216, the OCCA affirmed the denial of postconviction relief, citing Wallace. Dkt. # 9-15, at 2-3.

In the instant petition, filed November 23, 2021, Perry seeks federal habeas relief on the same claim he asserted in his second application for postconviction relief. He argues, in ground one, that the trial court lacked subject-matter jurisdiction over his prosecution because he committed his crime within the boundaries of the Cherokee Nation Reservation and his victim is Native American.[6] Dkt. # 1, at 3, 6-15.

## II. Discussion

Crow moves to dismiss the petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Dkt. ## 8, 9. Perry opposes dismissal, arguing that the statute of limitations does not apply in this case because (1) challenges to a trial court's subject-matter jurisdiction can be raised at any time and (2) his challenged judgment, entered by a court that lacked subject-matter jurisdiction, is "null and void" and thus never became final. Dkt. # 10, at 3; Dkt. # 11, at 4, 8-9. Perry also appears to argue that if the statute of limitations applies, the one-year limitation period did not commence until McGirt was decided, or he is entitled to equitable tolling of the one-year limitation period, because McGirt (1) clarified the definition of Indian country, thereby removing

---

[6] Perry also identifies a "ground two" claim that challenges the OCCA's decision to deny him relief on the ground one claim based on its decision in Wallace. Dkt. # 1, at 4. But this is not a separate habeas claim. Rather, it is an argument in support of his ground one claim. See 28 U.S.C. § 2254(d)(1) (providing that when a state court adjudicates a federal claim, a federal court may not grant habeas relief unless the petitioner shows that the state court's adjudication of that claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"). The Court thus reads the petition as presenting only one habeas claim.

an "impediment" to raising a jurisdictional claim, and (2) "provide[d] a previously unavailable legal basis for this claim." Dkt. # 11, at 5-12.

### A. Legal standards

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal collateral review of a state-court judgment under 28 U.S.C. § 2254. The limitation period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Regardless of which provision governs the commencement date, the limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for postconviction relief or other collateral review is "properly filed," for purposes of statutory tolling, "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). But a properly filed application for postconviction relief or other collateral review tolls the limitation

6

period only if it is filed before the one-year limitation period expires. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

Finally, because the AEDPA's statute of limitations is not jurisdictional, a federal court may toll the limitation period for equitable reasons "in appropriate cases," Holland v. Florida, 560 U.S. 631, 645 (2010), or may altogether excuse the untimeliness of the petition and review untimely habeas claims when the petitioner makes a "credible showing of actual innocence," McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

**B.     Analysis**

For several reasons, the Court agrees with Crow that the statute of limitations bars relief in this case.  First, contrary to Perry's position, the AEDPA's one-year statute of limitations applies in all cases when a person in state custody seeks to collaterally attack a state-court judgment through a 28 U.S.C. § 2254 petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Nothing in the plain text of § 2244(d)(1) either suggests or supports that the statute of limitations does not apply when a petitioner asserts a claim challenging the state court's jurisdiction. Rather, on federal habeas review, a claim that the state trial court lacked jurisdiction alleges a due-process violation. Yellowbear v Wyo. Att'y Gen., 525 F.3d 921, 924 (10th Cir. 2008); Lowery v. Estelle, 696 F2d 333, 337 (5th Cir. 1983). And, "'[a]s with any other habeas claim,' . . . § 2254 claims predicated on the convicting court's lack of jurisdiction are 'subject to dismissal for untimeliness.'" Jones v. Pettigrew, Case No. CIV-18-633-G, 2021 WL

3854755, at *3 (W.D. Okla. Aug. 27, 2021) (unpublished) (quoting Morales v. Jones, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished)).[7]

Second, the petition is clearly untimely under § 2244(d)(1)(A). Under that provision, the one-year limitation period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Perry appears to argue that this provision cannot bar relief because his judgment is "void" for lack of jurisdiction and thus, cannot be considered a "final" judgment. There is some support for his view that a judgment entered by a court that lacked jurisdiction is "void." See, e.g., Ex parte Reed, 100 U.S. 13, 23 (1879) ("Every act of a court beyond its jurisdiction is void."); Wallace, 497 P.3d 686, 695 (Lumpkin, J., specially concurring) ("When the federal government pre-empts a field of law, the legal effect is to deprive states of their jurisdiction in that area of the law. If a court lacks jurisdiction to act than any rulings and judgments would appear to be void when rendered."). But even if Perry could prove that the trial court lacked jurisdiction over his criminal prosecution and that his judgment is thus "void," that would not mean that his judgment did not become "final" as that term is used in § 2244(d)(1)(A). The plain text of § 2244(d)(1)(A) provides that, for purposes of triggering the one-year limitation period, a state-court judgment is "final" when the petitioner can no longer seek direct review of that judgment. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final

---

[7]   The Court cites all unpublished decisions herein for their persuasive value. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." (quoting 28 U.S.C. § 2244(d)(1)(A))). Thus, while the end of direct review does not foreclose a collateral attack on an allegedly "void" state-court judgment, either through state postconviction proceedings or federal habeas proceedings, the end of direct review does trigger the one-year limitation period under § 2244(d)(1)(A) for filing a federal habeas petition to challenge the allegedly "void" judgment. And Perry's judgment became final, for purposes of § 2244(d)(1)(A), long before he filed the instant petition. The OCCA affirmed Perry's judgment and sentence on January 15, 2014. Dkt. # 9-2, at 1. Because Perry did not file a petition for writ of certiorari in the Supreme Court, his judgment became final on April 15, 2014, when the time expired to seek further direct review. Gonzalez, 565 U.S. at 150; Sup. Ct. R. 13.1. His one-year limitation period, under § 2244(d)(1)(A), commenced the next day, April 16, 2014, and ran for 156 days before it was tolled by the filing of his first application for postconviction relief on September 19, 2014. Dkt. # 9-3, at 1; 28 U.S.C. § 2244(d)(2). That tolling period ended on July 6, 2015, when the OCCA affirmed the denial of Perry's first application for postconviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007). Thereafter, Perry had 208 days, or until February 1, 2016, to file a timely federal habeas petition.[8] The instant petition, filed November 23, 2021, is untimely under § 2244(d)(1)(A).

Third, Perry has not shown that his circumstances triggered a later commencement date for his one-year limitation period under any other provision of § 2244(d)(1). Liberally construing Perry's arguments, he appears to allege that his limitation period is governed by either

---

[8]   Because Perry's 208-day period would have expired on January 31, 2016, a Sunday, he had until Monday, February 1, 2016, to file a timely petition. FED. R. CIV. P. 6(a)(1)(C).

§ 2244(d)(1)(B) or § 2244(d)(1)(D), and commenced on July 9, 2020, when McGirt was decided, because McGirt removed an "impediment" to challenging the state court's jurisdiction or provided him with a previously unavailable legal claim. Dkt. # 11, at 5-12. Neither provision applies. Section 2244(d)(1)(B) provides that the one-year limitation period commences on "the date on which the impediment to filing an application [for writ of habeas corpus] created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." But many of Perry's own allegations and arguments preclude a finding that any unlawful state action prevented him from filing a timely habeas petition to challenge the state court's alleged lack of jurisdiction. For example, Perry states, "It has long been held, even prior to McGirt, that the State of Oklahoma does not have subject-matter jurisdiction over (1) certain 'crimes committed by or against Indians,' (2) on Indian land or 'Indian Country.'" Dkt. # 11, at 4. Perry's reliance on pre-McGirt cases to support his jurisdictional claim further demonstrates that any allegedly unlawful state action in prosecuting crimes that were subject to exclusive federal jurisdiction did not prevent him from raising a jurisdictional claim in state or federal court. Dkt. # 1, at 10-12. Under these circumstances, Perry cannot show that McGirt triggered a new one-year limitation period, under § 2244(d)(1)(B), by removing a state-created impediment that prevented Perry from filing a federal habeas petition. Likewise, Perry cannot show that § 2244(d)(1)(D) applies. Under that provision, a petitioner's one-year limitation period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Significantly, Perry does not allege that he could not have discovered the facts relevant to his claim—i.e., the location where he committed his crime and his victim's Native American heritage—with reasonable diligence. He asserts only that

10

McGirt gave rise to a previously unavailable legal claim. But, as just discussed, this is simply not true. To be fair, the McGirt Court did resolve a split between the OCCA and the United States Court of Appeals for the Tenth Circuit as to whether Congress disestablished the Muscogee (Creek) Nation Reservation. McGirt, 140 S. Ct. at 2460. But McGirt did not give birth to a previously unavailable legal claim. As just discussed, Perry acknowledges that claims challenging the state's exercise of criminal jurisdiction in Indian country could have been, and in fact were, raised in state and fedeal court even before McGirt was decided. Further, even if Perry's view were correct, which it is not, § 2244(d)(1)(D) provides a later start date for a petitioner's one-year limitation period that begins when a reasonably diligent petitioner could have discovered a new factual basis for a habeas claim, not when a petitioner discovers a new court decision that provides legal support for a habeas claim. See, e.g., Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000) (rejecting petitioner's argument that his one-year limitation period commenced under § 2244(d)(1)(D) and reasoning that two favorable court decisions cited by the petitioner did not "alert[] [the petitioner] to any *factual* basis for his claim" (emphasis in original)). For these reasons, Perry has not shown that his one-year limitation period began at a later date under either § 2244(d)(1)(B) or § 2244(d)(1)(D).[9]

Fourth and finally, to the extent Perry seeks equitable tolling of the one-year limitation period, he fails to show that his circumstances warrant it. Equitable tolling is available only when

---

[9] The Court does not read Perry's arguments as suggesting that McGirt provided him a one-year limitation period under § 2244(d)(1)(C) by recognizing a new constitutional right and making that right "retroactively applicable to cases on collateral review." But, to the extent his filings could be construed as invoking this provision, federal courts in Oklahoma have held that this provision does not apply. Jones, 2021 WL 3854755, at *3; Sanders v. Pettigrew, Case No. CIV 20-530-RAW-KEW, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021); Littlejohn v. Crow, Case No. 18-CV-0477-CVE-JFJ, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021).

11

extraordinary circumstances prevented an individual prisoner exercising reasonable diligence from filing a timely federal habeas petition. Holland, 560 U.S. at 649. The Court acknowledges that McGirt significantly impacted the understanding of the allocation of criminal jurisdiction in Oklahoma. But applying equitable tolling to extend Perry's long-expired AEDPA deadline would effectively turn the doctrine of equitable tolling into a judicially-created equitable exception to § 2244(d)(1)'s one-year statute of limitations for all Oklahoma prisoners who were purportedly tried and convicted by a state court that lacked criminal jurisdiction. This would be contrary to the well-established principle that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." Wallace v. Kato, 549 U.S. 384, 396 (2007). Moreover, even the McGirt Court recognized that many prisoners, like Perry, who seek to challenge long-final convictions by challenging the convicting court's jurisdiction "may face significant procedural obstacles," one of which is the AEDPA's statute of limitations. McGirt, 140 S. Ct. at 2479.[10] Under these circumstances, the Court concludes that Perry has not shown that equity favors tolling his one-year limitation period that expired nearly five years before McGirt was decided.

**III.    Conclusion**

Based on the foregoing analysis, the Court grants Crow's motion to dismiss and dismisses Perry's petition for writ of habeas corpus, with prejudice, as barred by 28 U.S.C. § 2244(d)(1)'s one-

---

[10]   Some language in McGirt could even be understood as suggesting that equitable doctrines would protect the state rather than criminal defendants belatedly challenging long-final convictions based on the state's "mistaken understanding" that it could exercise criminal jurisdiction within the boundaries of the Muscogee (Creek) Nation Reservation. See McGirt, 140 S. Ct. at 2481 ("Many other legal doctrines—procedural bars, res judicata, statutes of repose, and laches, to name a few—are designed to protect those who have reasonably labored under a mistaken understanding of the law.").

year statute of limitations. Further, because the Court finds that reasonable jurists would not debate the correctness of this procedural dismissal, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Crow's motion to dismiss (Dkt. # 8) is **granted**;

2. Perry's petition for writ of habeas corpus (Dkt. # 1) is **dismissed**, with prejudice, as barred by the one-year statute of limitations;

3. a certificate of appealability is **denied**; and

4. a separate judgment shall be entered in this matter.

**DATED** this 26th day of May, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE